

# NUMBER 13-18-00325-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RAYMOND TRENT PETEREK,            APPELLANT,

v.

STANLEY OEHLKE,            APPELLEE.

**On appeal from the 135th District Court
of Goliad County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Raymond Trent Peterek, proceeding pro se, attempted to perfect an appeal from an order entered by the 135th District Court at Law of Goliad County, Texas in cause number 18-02-0644-CV. The order denies Peterek's motion for teleconference hearing for the motion to strike evidence.

Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final appealable order. The Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of the Court's notice, the appeal would be dismissed for want of jurisdiction. Appellant filed a response to the Clerk's notice. Appellant states "[a]s for this not being a final appealable judgment, this was the only motion filed at this time." He states he has filed a declaration of indigence and motion for a free appellate record and "[s]ince everything has been filed with the trial court clerk, there should be no defects, if the paperwork would all be forwarded to the 13th Court of Appeals."

Generally, appeals may be taken only from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. The order at issue in this case is neither a final judgment nor an interlocutory appeal authorized by statute. Accordingly, the appeal is dismissed for want

of jurisdiction.   *See* TEX. R. APP. P. 42.3(a),(c).   All pending motions or requests for relief are likewise dismissed for want of jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed the
26th day of July, 2018.

3